IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD DWAYNE BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2218-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Todd Dwayne Brown, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1992, petitioner was released to mandatory supervision after serving more than seven years of a 20-year sentence for aggravated robbery with a deadly weapon. Thereafter, on April 7, 2004, his mandatory supervision was revoked for an unspecified violation. Petitioner challenged this decision and the denial of certain sentence credits on collateral review in state court. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Brown*, WR-62,612-02 (Tex. Crim. App. Nov. 30, 2005). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) he was not given a revocation hearing within 90 days of his arrest as required by Texas law; (2) he is entitled to credit on his

sentence for the time spent on mandatory supervision and good conduct time earned prior to his release; and (3) he has fully discharged his sentence.

By order dated February 2, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written response filed on February 21, 2007. The court now determines that this action should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Moore v. Dretke*, No. 3-03-CV-2121-R, 2003 WL 22964139 at *1 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23096505 (N.D. Tex. Dec. 22, 2003). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner's mandatory supervision was revoked on April 7, 2004. (*See* Hab. Pet. at 5, ¶ 13). He challenged that action in an application for state post-conviction relief filed on July 15, 2005.

(*Id.* at 3, ¶ 11).[1] The application was denied on November 30, 2005. (*Id.* at 4, ¶ 11 & Attch.). Petitioner filed this action in federal court on November 29, 2006.

The limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this occurred on April 7, 2004 when his mandatory supervision was revoked. *See Moore*, 2003 WL 22964139 at *1. Yet petitioner waited more than one year before seeking post-conviction relief in state or federal court. No explanation has been offered to excuse this delay. Instead, petitioner reurges the merits of his claims and argues the legal standards for seeking a certificate of appealability. Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). The court therefore determines that this case should be dismissed on limitations grounds.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[1] Petitioner states that he also sought administrative review of his sentence credit claim pursuant to Tex. Gov't Code Ann. § 501.0081, but TDCJ has not responded. Although the pendency of a properly filed request for administrative review tolls the AEDPA statute of limitations, *see Hunter v. Quarterman*, No. 4-06-CV-0342-A, 2006 WL 2914162 at *2 (N.D. Tex. Oct. 11, 2006), *citing Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002), the documents provided by petitioner show that this request was not made until August 25, 2005--more than one year after his mandatory supervision was revoked. (*See* Hab. Pet., Attch.).

-3-

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 27, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE